IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-13-00698-TUC-JGZ |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Aurelio Flores-Soriano, | |
| Defendant. | |

Pending before the Court is Defendant Flores-Soriano's Objections to Presentence Report and Sentence Memorandum (Doc. 20), in which he objects to a proposed twelve (12) level sentencing enhancement for a prior "drug trafficking offense" pursuant to U.S.S.G. § 2L1.2(b)(1)(B) for his 2010 conviction for Possession of a Controlled Substance for Sale in violation of California Health & Safety Code § 11351. (PSR ¶¶ 10, 21). Defendant asserts § 11351 fails the "divisibility" requirement recently articulated in *Descamps v. United States*, ––– U.S. ––––, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), and is therefore not subject to a modified categorical analysis pursuant to *Taylor v. U.S.,* 495 U.S. 575, 598 (1990). The Defendant further objects claiming the Government has failed to produce judicially noticeable documents. For the reasons discussed herein, the Court finds that §11351 is a divisible statute subject to the modified categorical approach and that the Government has produced judicially noticeable documents sufficient to support the sentencing enhancement.

**I.     Legal Framework**

Under U.S.S.G. § 2L1.2(b)(1)(B), a twelve (12) level sentencing enhancement applies

if a defendant was previously deported after a felony conviction for a "drug trafficking offense" for which the sentence imposed was 13 months or less, and the conviction received criminal history points. *See* § 2L1.2(b)(1)(B). "Drug trafficking offense" is defined in Application Note 1(B)(iv) as a law that "prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute or dispense." *Id*. The term "controlled substance" as used in this definition means "those substances listed in the [Controlled Substances Act]." *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012). Defendant Flores-Soriano's predicate offense criminalizes:

> [p]ossess[ion] for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug.

§ 11351.[1]

The Ninth Circuit has held that § 11351 is not categorically a "drug trafficking offense" because § 11351 criminalizes possession or purchase of certain substances that are not covered under the Controlled Substances Act. *Leal-Vega,* 680 F.3d at 1167. As such, the issue before this Court is whether § 11351 is "divisible" and subject to the modified categorical approach in light of the Supreme Court's recent ruling in *Descamps,* 133 S.Ct. 2276.

---

[1] Although Defendant's predicate offense is for "POSSESSION FOR SALE OF A CONTROLLED SUBSTANCE," which is not a specifically enumerated factor, this Court finds that it falls within the distribution definition. *See, e.g.*, *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1096 (9th Cir. 2007) (noting "California's possession for sale closely mirrors the federal statute that criminalizes possession with intent to distribute.")

## II.     Section 11351 is Divisible Under *Descamps*

In *Descamps*, the Supreme Court held that the modified categorical approach serves only the "limited function" of supplementing the categorical analysis "when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." *Id*. A statute is "divisible" when it is comprised of "multiple, alternative versions of the crime." *Id*. at 2284. By comparison, an "indivisible" or "non-divisible" statute "has a single, indivisible set of elements" and does not contain "alternative elements," and may criminalize "a broader swath of conduct." *Id*. As such, the modified approach "has no role to play" if the prior conviction is predicated on a nondivisible (or indivisible) statute, including statutes that are "missing elements" or whose elements are "overbroad" in way that they could cover both qualifying and non-qualifying conduct. *Id.*

However, "when a defendant [is] convicted of violating a divisible statute," courts may employ the modified categorical approach "to determine which statutory phrase was the basis for the conviction." *Id*. at 2285. The Supreme Court explained that in these limited circumstances, the modified approach acts as a "tool" or a "mechanism" for comparing when a statute lists multiple, alternative elements, and so effectively creates 'several different … crimes.'" *Id*. (citation omitted). Significantly, the Supreme Court explained that:

> [i]f at least one, but not all of those crimes matches the generic version, a court needs a way to find out which the defendant was convicted of. That is the job, as we have always understood it, of the modified approach: to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense.

*Id*. The Supreme Court further instructed that when courts conduct a modified categorical approach, courts should not consider the "facts" of the prior conviction but instead evaluate only the "elements" of the state crime to ensure they correspond with the generic offense. *See id.* at 2284.

In *Descamps'* wake, Defendant Flores-Soriano now argues that § 11351 is indivisible and that its list of controlled substances does not and cannot make it divisible. (Doc. 20, p 3, lns. 3-10). Defendant argues that § 11351's controlled substance list merely identifies "facts" and not elements of the offense. (*Id*.) To support his position, Defendant asserts that *Descamps* considered Cal. Penal Code § 459's list of many "structures, vehicles, containers, and vessels" as "facts" not "elements. (Doc. 20, p. 3, lns. 5-8, citing *Descamps*, 133 S.Ct. at 2290-91.) However, *Descamps* does not make this narrow holding; rather, *Descamps* held that sentencing courts may not apply the modified categorical approach to divisible statutes and then found that California's first degree burglary statute was indivisible *because* it was facially broader than the generic definition of burglary. *Id*. at 2282, 85, 93.

To read *Descamps* as suggested by Defendant, this Court would have to ignore the Supreme Court's principal "divisibility" decisions cited, with approval, in *Descamps. Id*. at 2284-85. For instance, the Supreme Court observed that in *Taylor* at U.S. 575 at 602, it recognized the modified approach's legitimate role in parsing a divisible burglary statute that had both "building" and "automobile" as alternate elements. *Id*. at 2284. Similarly, *Descamps* approvingly noted that in *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254 (2005), it upheld the modified approach applied to a Massachusetts burglary statute covering entries into "boats and cars" as well as buildings. *Id*. at 2284 (citation omitted). The Court similarly recognized that a Massachusetts "Breaking and Entering at Night" statute referred to "several different crimes" in *Nijhawan v. Holder*, 557 U.S. 29, 129 S.Ct. 2294 (2009), because it had four alternative places: "building, ship, vessel, or vehicle." *Id*. (citations omitted). According to the Supreme Court, therefore, "boats, cars, buildings, and ships" can all constitute alternate "elements" of an offense. *Id*. Certainly, if a "ship" or a "vehicle" can be an alternate "element" as understood by the majority in *Descamps*, then "heroin" or "cocaine" can also be "elements" of § 11351.[2] This Court is not alone in this conclusion. *See United States v.*

---

[2] Indeed, the Supreme Court cautioned sentencing courts not to "delve into the

*Ramirez-Macias*, CR-13-0059-JLQ, 2013 WL 4723453 (E.D. Wash. Sept. 3, 2013) (holding §11352's list of controlled substances created a divisible statute and applying the modified categorical approach); *see also United States v. Brooks*, 12-30002, 2013 WL 3186577 (9th Cir. June 25, 2013) (unpublished opinion) ("Because the statute provided a finite list of definitions, the district court could 'determine which statutory phrase was the basis for the conviction.'"); *Cabantac v. Holder*, 2013 WL 4046052, n. 2 (9th Cir. Aug. 9, 2013) (Murguia, M., dissenting) (although undecided, "[i]t appears that § 11377(a) (controlled substance offense) is a divisible statute that permits the application of the modified categorical approach.); *United States v. Gonzalez-Tejeda*, 12CR2967 WQH, 2013 WL 4401381 (S.D. Cal. Aug. 15, 2013) (finding that Washington Revised Statute § 69.50.401A, Possession of a Controlled Substance with Intent to Distribute, is a divisible statute as it enumerates five separate groups of controlled substances in the disjunctive).

Moreover, the plain language of §11351 contains a single subsection listing potential offenses utilizing the disjunctive "or." *See, e.g., United States v. Acosta-Chavez*, 12-10324, 2013 WL 4082128, n.5 (9th Cir. Aug. 14, 2013) (emphasizing the "divisibility" created by the statutory "or"); *see also Duenas-Alvarez v. Holder*, 04-74471, 2013 WL 4417587 (9th Cir. Aug. 20, 2013) (finding California Vehicle Code § 10851(a) divisible in that it imposes criminal liability in the alternative on principals as well as on accessories after the fact); *c.f. United States v. Edwards*, 12-10204, 2013 WL 4105532 (9th Cir. Aug. 15, 2013) (remanding for resentencing upon Government concession that Nevada's attempted burglary statute was not a divisible as it lacked a risk of physical injury element). The California Supreme Court has also explained that § 11352, a sister statute, has no "primary element" and that its list of over 100 different controlled substances was to prevent the legislature from having to enact hundreds of individual statutes. *See Ramirez-Macias*, 2013 WL 4723453 (citing *People v. Patterson*, 49 Cal.3d 615, 262 Cal.Rptr. 195, 778 P.2d 549, 556 (1989)). Finally, a review of the California

---

nuances" of "elements verses means" issue and emphasized that the focus should be on whether the state law is drafted in the alternative. *See id.* at n. 2.

model jury instructions for § 11351 reveals that a prosecutor must prove, as an element of the crime, that a particular controlled substance was indeed the particular controlled substance alleged in the offense and insert its name in the jury instructions to be proven to the jury beyond a reasonable doubt. *See* CALCCRIM 2302. Such particularity is in accord with the Supreme Court's rationale in *Descamps* that divisible statutes "enable a sentencing court to conclude that a jury (or judge at a plea hearing) has convicted the defendant of every element of the generic crime." *Descamps*, 133 S.Ct. at 2283. Consequently, this Court finds that § 11351 is divisible and subject to the modified categorical approach.

### III. The Government has Produced Judicially Noticeable Documents

Defendant Flores-Soriano further argues that the Government has failed to produce judicially noticeable documents to support the sentencing enhancement because (1) the submitted court docket "Computer Printout" is unreliable, (2) the submitted "Felony Complaint" fails to establish that he pled guilty to "Count 1 of the Felony Complaint;" and (3) the submitted "Felony Advisement of Rights, Waiver, and Plea Form" fails to reference "heroin" or "Complaint" and therefore does not aid this Court in determining which drug or what charging document was involved in the underlying conviction. (Doc. 20, pgs. 3-5).

In making these determinations, this Court looks to the "statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Shepard v. United States*, 544 U.S. 13, 20–21, 125 S.Ct. 1254 (2005). Moreover, where a defendant pleads guilty to "a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." *See, e.g., Cabantac*, No. 09–71336, 2013 WL 4046052, at *5.

Here, although the Court disagrees with the Defendant's assertions that it is "well established" that a "Computer Printout" cannot be judicially noticeable document, this Court need not decide the issue because it does not rely on the "Computer Printout" to determine the sentencing enhancement. (Doc. 20, p. 4, lns 3-6.) Rather, the Government

has submitted a California Superior Court two-count "Felony Complaint," dated August 10, 2010, Case No. SA 075067, in which Count I alleges a violation of § 11351, specifically stating "heroin" as the controlled substance at issue in the offense. The Government also submitted a "Felony Advisement of Rights, Waiver, and Plea Form," again reflecting case number SA075067, in which Defendant Flores-Soriano agreed to pled guilty (no contest) to Count I to a charge of "H&S 11351." While it is true, as Defendant argues, that the plea agreement fails to identity the charging document to which he pled guilty, it is evident from the documents that the Felony Complaint contained a Count I charging a violation of §11351, and that, indeed, Defendant Flores-Soriano pled guilty to that Count. Similarly, the Complaint adequately identifies the controlled substance as "heroin." *See, e.g. Leal-Vega*, 680 F.3d at 1168 (finding an abstract that clearly stated defendant pled guilty to possession of heroin was sufficient for sentencing enhancement purposes).

Upon review, this Court finds that Defendant Flores-Soriano's 2010 conviction under § 11351 for the Possession for Sale of a Controlled Substance (Heroin) meets the definition of a "drug trafficking offense," as defined by the U.S. Sentencing Guidelines.

According, IT IS ORDERED that Defendant Flores-Soriano's Objections to the Presentence Report (Doc. 20) are OVERRULED.

Dated this 16th day of September, 2013.

_____
Jennifer G. Zipps
United States District Judge